IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIORGIO FLORIDIA, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Civ. Action No. 4:11-cv-3624 |
| DLT 3 GIRLS, INC. and LOUIS FLORIDIA, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. No. 11) and Plaintiff's Rule 12(b)(6) Motion to Dismiss Defendants' Affirmative Defenses (Doc. No. 12). After considering the Motions, all responses and replies thereto, and the applicable law, the Court concludes that the Motions should be **DENIED**.

### I. FACTS

In October 2011, Plaintiff Giorgio Floridia ("Plaintiff") filed this Fair Labor Standards Act ("FLSA") lawsuit against DLT 3 Girls, Inc. and Louis Floridia (collectively, "Defendants") in this Court. (Doc. No. 1.) According to Plaintiff, Defendants own and operate restaurants throughout Harris County and the surrounding areas. (Orig. Compl. ¶ 9.) Plaintiff avers that from approximately November 2009 through August 2010, he was employed by Defendants as a financial advisor; in that capacity, Plaintiff asserts, he worked in excess of forty hours per week. (*Id.* ¶¶ 10, 12.) However, Defendants allegedly failed to pay Plaintiff for all of the hours he worked and to provide him with the overtime wages he was entitled to under the FLSA. (*Id.* ¶ 13.)

1

Accordingly, Plaintiff asserts claims under the FLSA and for breach of contract and quantum meruit.

Defendants filed an Answer (Doc. No. 6) in which they state that they sponsored Plaintiff to travel to the United States from his native Italy, where he was experiencing business difficulty. (Orig. Answer ¶ 3.1.) Once in the United States, Defendants aver, Plaintiff failed to perform any work for Defendants. (*Id.* ¶ 3.2.) Instead, Plaintiff allegedly set up his own gelato shop. (*Id.*) As such, Defendants assert a counterclaim for fraud. (*Id.* ¶ 4.1.) According to Defendants, Plaintiff made a material misrepresentation by stating that he would work for them if they sponsored him for a United States visa. (*Id.*)

Plaintiff filed these two Motions, urging this Court to dismiss certain of Defendants' affirmative defenses, as well as Defendants' counterclaim. Thereafter, Defendants filed an Amended Answer, attempting to cure some of the deficiencies in their affirmative defenses. (Doc. No. 15-1.) This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this case arises under a federal statute. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the FLSA claims.

## II. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

Defendants "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (footnote omitted). It is not clear, however, whether the pleading requirements articulated in *Twombly* and *Iqbal*

extend to affirmative defenses. *U.S. v. Brink*, No. C–10–243, 2011 WL 835828, at *3 (S.D. Tex. March 4, 2011); *E.E.O.C. v. Courtesy Building Services, Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011). The Fifth Circuit has not yet addressed the issue. *Id.*; *GE Capital Commercial, Inc. v. Worthington Nat. Bank*, No. 3:09–CV–572–L, 2011 WL 5025153, at *2 (N.D. Tex. Oct. 20, 2011). The majority of district courts have held affirmative defenses to the *Twombly* and *Iqbal* standard; only a minority of courts have refused to do so. *See Lane v. Page*, 272 F.R.D. 581, 589-90 (D.N.M. 2011) (listing cases that have applied the *Twombly-Iqbal* standard to affirmative defenses, as well as cases that have refused to apply that standard). *See also Brink*, 2011 WL 835828, at *3 (quoting *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 536 (D. Md. 2010)) (applying the *Twombly-Iqbal* standard); *Vargas v. HWC General Maintenance, LLC*, No. H–11–875, 2012 WL 948892, at *2 (S.D. Tex. March 20, 2012) ("This Court also agrees that the plausibility standard articulated in *Twombly* and *Iqbal* applies to the sufficiency of affirmative defenses.").

For several reasons, this Court follows the minority of courts in finding that only the fair notice standard applies to affirmative defenses. First, a different standard for plaintiffs and defendants is sensible, given that defendants have only 21 days within which to serve an answer. *Lane*, 272 F.R.D. at 590-91. Second, *Twombly* and *Iqbal* address Rule 8(a)(2), the language of which differs in important respects from Rule 8(c)(2), the provision concerning affirmative defenses. *Aros v. United Rentals, Inc.*, No. 3:10–CV–73 (JCH), 2011 WL 5238829, at *3 (D. Conn. Oct. 31, 2011). Third, while a motion to dismiss can resolve a case, thereby avoiding discovery entirely, motions to strike only prolong pre-discovery motion practice; as such, raising the standard for

pleading affirmative defenses would only encourage more motions to strike. *Id.* Thus, this Court declines to apply the *Twombly-Iqbal* pleading standard to Defendants' affirmative defenses. Instead, the Court utilizes the Fifth Circuit's fair notice requirement.

### III. ANALYSIS

The Court concludes that it must deny both of Plaintiff's Motions. First, Defendants' counterclaim should not be dismissed because, in addition to asserting violations of the FLSA, Plaintiff brings state law claims. Therefore, Plaintiff's argument that Defendants seek an impermissible set-off is unavailing. Second, Defendants have pleaded their Second, Third, and Sixth Defenses with sufficient particularity. As Defendants have provided fair notice of these affirmative defenses, dismissal would be improper.

#### A. Motion to Dismiss Defendants' Counterclaim

Plaintiff argues that this Court should dismiss Defendants' counterclaim for fraud because defendants are not entitled to set-offs in FLSA cases. (Mot. Dismiss Counterclaim at 2.) Conversely, Defendants assert that dismissal is inappropriate for two reasons. First, Defendants allegedly do not seek to assert a set-off as part of their counterclaim. (Resp. to Mot. Dismiss Counterclaim at 1.) Rather, Defendants insist that they are trying to recover sums they expended on behalf of Plaintiff as a result of Plaintiff's fraudulent scheme. (*Id.* at 1-2.) Defendants contend that this fact distinguishes them from employers who try to gain a set-off by recovering sums previously paid to a plaintiff. (*Id.*) Second, Defendants insist that their counterclaim is proper because Plaintiff has sued Defendants not just for violation of the FLSA, but also for breach of contract and quantum meruit. (*Id.* at 2.)

The Court agrees with Defendants that their counterclaim should not be dismissed. Plaintiff brings several claims for relief in addition to Plaintiff's FLSA claim. To the extent such counterclaims are improper, they are improper in FLSA actions. *See, e.g., Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010) ("[O]ur precedent suggests that such claims should not be addressed *in a FLSA action.*" (emphasis added)). As Plaintiff asserts state law claims for relief, this lawsuit is not exclusively an FLSA action. Therefore, the Court will not dismiss Defendants' counterclaim.

### B. Motion to Dismiss Defendants' Affirmative Defenses

First, Plaintiff urges the Court to dismiss Defendants' Second Defense because Defendants have failed to identify the affirmative defense in question and provide notice of its basis. (Mot. Dismiss Affirm. Defenses at 4.) "A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed. R. Civ. P. 8(c), must be specifically pleaded or it will be deemed waived." *Hogue v. Gyarmathy & Associates, Inc.*, No. 2:10-cv-195-FtM-36SPC, 2010 WL 2510663, at *2 (M.D. Fla. June 21, 2010) (citing *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318-19 (S.D. Fla. 2005)). See also *Vargas v. HWC General Maintenance, LLC*, No. H–11–875, 2012 WL 948892, at *3 (S.D. Tex. March 20, 2012) ("Defendants do not identify *which* of Vargas' claims are barred, the specific FLSA or state law exemptions that apply, nor the factual basis for the applicability of any exemption." (emphasis in original)); *Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *2 (S.D. Tex. March 1, 2010); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) ("A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P. 8(c), must be

specifically pleaded or it will be deemed waived. Where a defendant pleads generally that a plaintiff is not covered under the FLSA, but fails to identify the specific FLSA exemptions that are applicable, the defendant should be given leave to amend the defense." (citing *Schwind v. EW & Assocs., Inc.*, 357 F.Supp.2d 691 (S.D.N.Y. 2005))). *But see Hanzlik v. Birach*, No. 1:09cv221 (JCC), 2009 WL 2147845, at *4 (E.D. Va. July 14, 2009) ("Here, the ... Defendants have put Plaintiff on notice that they intend to prove that Plaintiff is not covered by the FLSA. At this preliminary stage, that is all that the Court will require. Forcing a defendant to cite each and every applicable statute and regulation that may support and FLSA exemption at the answer stage would be contrary to the spirit of Rule 8."). After Plaintiff filed his Motion to Dismiss Defendants' Affirmative Defenses, Defendants filed a First Amended Answer. (Doc. No. 15-1.) In the First Amended Answer, Defendants allege, in their Second Defense, that "Plaintiff was an exempt administrative and/or executive employee under Section 13(a)(1) of the FLSA." (First Am. Answer at 1.) These allegations are sufficient to give Plaintiff notice of Defendants' claims. *See, e.g., Aros*, 2011 WL 5238829, at *4. Therefore, Defendants' Second Defense should not be dismissed.

Second, Plaintiff asserts that Defendants' Sixth Defense must be dismissed because Defendants have merely repeated the statutes. (Mot. Dismiss Affirm. Defenses at 4-5.) In its Sixth Defense, Defendants allege: "Defendants' acts or omissions, if found to be in violation of the FLSA, were in good faith and based upon reasonable grounds for believing that its actions did not violate the FLSA. Defendants believed Plaintiff would be exempt from the payment of overtime." (First. Am. Answer at 2.) The Sixth Defense

provides sufficient factual particularity to give Plaintiff fair notice of the defense Defendants are advancing. Therefore, Defendants' Sixth Defense will not be dismissed.

Third, Plaintiff contends that Defendants' Third Affirmative Defense should be dismissed because the defense of failure to mitigate damages is not available in FLSA cases as a matter of law. (Mot. Dismiss Affirm. Defenses at 5.) Plaintiff also contends that the Third Affirmative Defense should be dismissed because it is not pleaded with enough specificity or factual particularity to give Plaintiff fair notice. (*Id.*) In their Third Defense, Defendants assert: "Plaintiff must take reasonable steps to mitigate damages, if any, and any damages must be reduced by amounts that Plaintiff earned or could have earned by mitigating damages." (First Am. Answer at 1.) Plaintiff is correct that there is no duty to mitigate damages under the FLSA. *Coffin v. Blessey Marine Services, Inc.*, No. H–11–0214, 2011 WL 2193378, at *2 (S.D. Tex. June 6, 2011); *Tran v. Thai*, No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) (citing *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009); *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009); *Lopez v. Autoserve LLC*, No. 05 C 3554, 2005 WL 31160553, at *2 (N.D. Ill. Nov. 17, 2005); *Perez-Nunez v. North Broward Hosp. Dist.*, No. 008-61583-CIV, 2009 WL 723873, at *2 (S.D. Fla. March 13, 2009)). However, Defendants' failure-to-mitigate defense should not be dismissed because Plaintiff also alleges breach of contract and quantum meruit. *Cromptom Greaves, Ltd. v. Shippers Stevedoring Cop.*, 776 F.Supp.2d 375, 395 (S.D. Tex. 2011) ("In both contract and tort cases, a plaintiff has a duty to mitigate damages."); *Bro-Tech Corp. v. Purity Water Co. of San Antonio, Inc.*, 681 F.Supp.2d 791, 804 (W.D. Tex. 2010); *5436, LLC v. CBS Corp.*, No. H-08-3097,

2009 WL 3378379, at *5 (S.D. Tex. Oct. 16, 2009) ("'Under Texas law the doctrine of mitigation of damages is an affirmative defense that 'prevents a party from recovering for damages resulting from a breach of contract that could be avoided by reasonable efforts on the part of the plaintiff.'" (quoting *Great Am. Ins. Co. v. N. Austin Mun. Utility Dist. No. 1*, 908 S.W.2d 415, 426 (Tex. 1995))). Furthermore, Defendants' Third Defense provides fair notice to Plaintiff. Therefore, Defendants' Third Defense must not be dismissed.

## IV. CONCLUSION

For the reasons explained above, Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. No. 11) and Plaintiff's Rule 12(b)(6) Motion to Dismiss Defendants' Affirmative Defenses (Doc. No. 12) are **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 2nd day of May, 2012.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**