UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GIORGIO FLORIDIA,** | § § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-cv-3624 |
| **DLT 3 GIRLS, INC. and LOUIS FLORIDIA,** | § § § § | |
| *Defendants.* | § § § | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion for Partial Summary Judgment and Brief in Support ("Motion"). (Doc. No. 25.) After considering the Motion, all responses and replies, and the applicable law, the Court concludes that the Motion should be **GRANTED IN PART** and **DENIED IN PART.**

I. BACKGROUND

This is a case brought by Plaintiff Giorgio Floridia ("Plaintiff") alleging claims under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-2129 ("FLSA"). Plaintiff also alleged that Defendants are liable to him for breach of contract and under the equitable theory of quantum meruit. (Doc. No. 1.) Plaintiff further alleges that Defendants DLT 3 Girls, Inc. and Louis Floridia (collectively referred to as "Defendants") failed to pay him for all hours worked and failed to pay him overtime wages as required by law.

1

Plaintiff was born in Italy and lived there until he attend college in the United States (Doc. No. 28-1.) He received an undergraduate degree from the University of Houston and a graduate degree in business administration from the University of S. Thomas in Houston, Texas (Doc. No. 28-2.) After attending graduate school, Plaintiff returned to Italy. Defendant DLT 3 Girls, Inc. is the principal operating company of Pomodoro's Pasta & Pizzeria Italian Restaurant ("Pomodoro's"). *Id.*

Plaintiff alleges that his cousin, Defendant Louis Floridia ("L. Floridia"), offered him a position at Pomodoro's as a financial advisor. (Doc. No. 28-1, ¶ 4.) Plaintiff and his family arrived in the United States from Italy in early 2009. *Id.* Plaintiff claims that, from November 2009 to August 2010, he was employed by Defendant. (Doc. No. 1, at ¶10.) His job responsibilities included overseeing and managing the build-out of the new Pomodoro's restaurant space as well as locating and buying equipment. *Id.*  Plaintiff states that he worked over forty hours per week—Monday through Saturday, between nine to ten hours a day. (Doc. No. 28-1, ¶¶ 14, 15). Once the restaurant was built, Plaintiff alleges he was replaced by L. Floridia's son-in-law and told there was no further work for him. (Doc. No. 28-1, ¶¶ 17, 19.) Defendant did not pay him for the extra hours worked as required by FLSA. (Doc. No. 1, at ¶12.) Instead, Plaintiff alleges he was denied wages all together. (*Id.* at ¶13.) After being forced to leave his job and move out of L. Floridia's home where he was staying, the only job Plaintiff could find was at a gelato shop. (Doc. No. 28-1, ¶ 20.)

Defendants deny the material allegations in Plaintiff's Complaint and assert certain affirmative defenses. (Doc. No. 19.) Defendants agree that the period of intended employment was 36 months and that the position was to pay $50,000 annually. (*Id.* at ¶ 12.) Defendants have also filed a Counterclaim against Plaintiff for fraud, alleging that Plaintiff never worked for

Defendants except for a single catering job. (Doc. No. 25-1, at ¶ 3.) Defendants state that they sponsored Plaintiff to travel to the United States from Italy, where he was experiencing business difficulties. Once in the United States, Defendants allege that Plaintiff failed to perform any work for defendants; instead, he took up employment at a gelato shop. *Id.*

## II. LEGAL STANDARD

Summary judgment is warranted where a party establishes that there is no genuine dispute about any material fact and the law entitles the party to judgment. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of demonstrating that there is no actual dispute as to any material fact of the case. Fed. R. Civ. P. 56(a), *Willis v. Roche Biomed. Lab.*, 61 F.3d 313, 315 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).

Furthermore, the summary judgment standard "provides that the mere existence of some factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be genuine and material." *Willis*, 61 F.3d at 315. First, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law are material." *Id*. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Second, a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. (citing Anderson, 477 U.S. at 248). While all justifiable inferences should be drawn in the nonmovant's favor, conclusory affidavits will not suffice to create or negate a genuine issue of fact. *Anderson*, 477 U.S. at 255; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Circ. 1986).

## III. ANALYSIS

**1. Breach of Contract**

Defendants argue that Plaintiff's breach of contract claim fails because there was never a valid employment agreement between parties. Plaintiff states that he does not intend to proceed with his breach of contract claim. (Doc. No. 28.) Thus, the Court grants summary judgment to Defendants on this claim.

**2. FLSA**

The FLSA requires covered employers to pay nonexempt employees at not less than the minimum wage and at one and one-half times their regular rate for all hours worked in excess of forty (40) during a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1). The FLSA requires employers to maintain certain records to document compliance with the minimum wage and overtime requirements of the Act. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516. Specifically, an employer must maintain the following records: (i) the employee's personal identifying information, and (ii) essential wage and hour information (i.e., pay period and date of payment, basic pay rate, daily and weekly hours, straight time and overtime earnings, additions to and deductions from wages, and total wages paid each pay period). 29 C.F.R. § 516.27. To establish a prima facie violation of the FLSA, a plaintiff generally must show: (i) the existence of an employment relationship with the defendants; (ii) that the employee was engaged in commerce or in the production of goods for commerce or was employed by an enterprise engaged in commerce; (iii) that the employer had actual or constructive knowledge of overtime worked or wage payments in violation of the FLSA; and (iv) the amount owed. 29 U.S.C. §§ 203(g), 206(a), 207(a); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Murray v. Stuckey's, Inc.*, 939 F.2d 614, 621 (8th Cir. 1991).

However, in cases where the employer fails to keep adequate time records as required by 29 C.F.R. § 516.27, the burden of proof shifts from the employee to the employer. "In such a

situation … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Mt. Clemens Pottery Co.*, 328 U.S. at 687-88; *Beliz v. McLeod*, 765 F.2d 1317, 1330 (5th Cir. 1985); *Castillo v. Givens, Inc.*, 704 F.2d 181, 194-95 (5th Cir. 1983); *Skipper v. Superior Dairies*, 512 F.2d 409, 419-20 (5th Cir. 1979).

In response to Plaintiff's interrogatories during written discovery, Defendants did not produce records to document compliance with the minimum wage and overtime requirements of the FLSA. Specifically, it appears that Defendants could not produce wage and hour information for Plaintiff, including the pay period and date of payment, basic pay rate, straight time and overtime earnings, additions to and deductions form wages, and total wages paid each pay period. (Doc. No. 28-4 [Plaintiff's Request for Production No. 9]). Plaintiffs allege that Defendants' entire production of documents consisted of correspondence with USCIS regarding Plaintiff's H-1B Petition for Nonimmigrant Worker and a collection of emails between Plaintiff and L. Floridia. Additionally, Plaintiff requested information about the duration of Plaintiff's employment with Defendants and job positions held by Plaintiff. (Doc. No. 28-4, at 27, [Answer's to Plaintiff's Interrogatories No. 1]) In response, Defendants contend that "Plaintiff never worked for Defendant. Instead of working for Defendant, as Defendant discovered, Plaintiff took a job at a gelato shop in the Houston Galleria."

If Plaintiff truly never worked for Defendants, the lack of employment records for Plaintiff could be explained. However, L. Floridia admits in his affidavit that Plaintiff did a catering job for Defendants. (Doc. No. 25-1, ¶ 3.) Defendants allege that he was fully paid for his

5

work. *Id.* However, Defendants have failed to issue or maintain time records and pay records for the hours Defendants claim Plaintiff worked. Because Defendants failed to discharge their duty to maintain accurate time records as required by 29 C.F.R. § 516.27, the burden of proof shifts from the Plaintiff to Defendants. Plaintiff has come forward with some evidence regarding the nature of his job and the quantity of hours worked. (Doc. No. 25-1.) An employee can carry his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Skipper v. Superior Dairies, Inc.*, 512 F.2d 409, 419-20 (5th Cir. 1975). An employee need not be exact in the number of hours of overtime. *Perez v. Guardian Equity Mgmt., LLC*, 2011 U.S. Dist LEXIS 73219 (S.D. Tex. Jul. 7, 2011) (quoting *Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 989 (W.D. Tenn. 2011)). In the absence of rebuttal by defendants, plaintiff's recollection and estimates of hours are presumed to be correct. *Anderson*, 328 U.S. at 687-68; *see also Ting Yao Lin v. Hayashi Ya II, Inc.,* 2009 U.S. LEXIS 12963, at *3 (S.D.N.Y. Jan 30, 2009); *Ramirez v. Raptor Tech. Group, Inc.*, 2012 WL 2589256 (M.D. Fla. June 8, 2012). If the employer fails to produce such evidence, the court may then award damages to the employee. Without further documentation from Defendants demonstrating that Plaintiff did not work beyond the catering job, there is a genuine issue of material fact as to the amount of time that Plaintiff worked, and whether he was paid for his time.

Defendants make two further arguments with regard to FLSA, that 1) Defendants did not own or operate the restaurant in question, and 2) Plaintiff was an investor/owner, and not an employee covered by FLSA. Defendants argue for the first time in their Reply that 3F's Pomodoros is a different entity from DLT 3 Girls. However, the H-1B Petition makes it clear that Defendant DLT 3 Girls is the entity that owned Pomodoro's, the restaurant that Plaintiff

worked at. (Doc. No. 28-2, at 20.) Furthermore, there is no dispute that it was DLT 3 Girls that promised Plaintiff employment in America. (Doc. No. 19.)  Even if 3F Pomodoro's owned the new Pomodoro's restaurant after July 2009, the date 3F Pomodoro's was purportedly formed as a corporation, 3Fs is a domestic limited liability company formed by Defendant L. Floridia, who is the President. (Doc. No. 37-1, [Certificate of Formation of 3F's Pomodoros, LLC]; Doc. No. 37-2, [Texas Franchise Tax Public Information Report—2011].) Thus, Defendants are the appropriate parties in this action.

Defendants' representation that Plaintiff is an investor/owner of Pomodoro's, and exempt from the FLSA, is asserted for the first time in Defendants' Reply. If Defendants are correct that Plaintiff held a role such that he was essentially a partner or owner of the company, Plaintiff may not be able to recover under FLSA. The touchstone for determining whether an individual is an "employee" under the FLSA is economic dependence. Accordingly, a court must consider several elements in evaluating economic dependence: degree of control; skill and initiative; opportunities for profit and loss as related to the activities of the alleged employer; investment in facilities; and permanency of relationship. *United States v. Silk,* 331 U.S. 704, 712–19b(1947); *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326-29 (5th Cir. 1993). A court's "focal inquiry in determining employee status is whether the individual is, as a matter of economic reality, in business for herself." *Circle C.,* 998 F.2d at 327.

However, the portrayal of Plaintiff as an investor/owner contradicts Defendants' earlier representations of Plaintiff, including (1) the H-1B Petition to the United States Department of Homeland Security and the United States Citizenship and Immigration Services (Plaintiff's job title is "Financial Advisor" (Doc. No 28-2, at 7)), (2) Defendants' Interrogatories Responses ((Defendants answered Plaintiff's Interrogatories stating that Plaintiff was hired in the capacity

7

as a financial advisor, (Doc. No. 28-4)), and (3) Defendant Floridia's Affidavit and Supplemental Affidavit (Plaintiff "did a single catering job for DLT," Doc. No. 25-1, ¶ 3.) Because multiple fact issues exist as to Plaintiff's role in the company, and there is evidence on an essential fact that could support a judgment in favor of Plaintiff, Defendants' Motion for Summary Judgment on the FLSA claim is denied.

### 3. Quantum Meruit

Plaintiff also seeks recovery under the theory of quantum meruit. Under Texas common law, a plaintiff seeking recovery under the theory of quantum meruit must prove that (1) valuable services were rendered or materials furnished, (2) for the person sought to be charged, (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him, and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex.1990).

The Court first considers whether Plaintiff's quantum meruit claim may be preempted by Plaintiff's FLSA claim. Whether a federal statute preempts state law is a question of law reserved for the court. *Franks Inv. Co. LLC v. Union Pacific R.R. Co.,* 593 F.3d 404, 407 (5th Cir.2010) (en banc). Congress may preempt state law either expressly through a statute's plain language or impliedly through a statute's "structure and purpose." *Id.* (quoting *Altria Grp., Inc. v. Good,* 555 U.S. 70 (2008)). Implied preemption may occur when Congress either directly conflicts with state law (conflict preemption) or occupies a field so pervasively as to naturally exclude state law (field preemption). *Empacadora de Carnes de Fresnillo,* S.A. de C.V. v. Curry, 476 F.3d 326, 333 (5th Cir.2007). The FLSA does not expressly preempt state law, thus the Court will analyze the possibility of implied conflict preemption.

The Fifth Circuit has not issued a published opinion concerning whether the FLSA preempts state law claims. A number of district courts have considered the issue. *Lilani v. Noorali*, 2011 WL 13667 (S.D. Tex. Jan. 3, 2011); *Doan v. Portable Prod. Services*, LP, 2011 WL 2038580 (S.D. Tex. May 19, 2011); *Botello v. COI Telecom, LLC*, 2010 WL 3784202 (W.D. Tex. Sept. 21, 2010). In *Lilani v. Noorali,* the Court held that the plaintiff's breach of contract claim was preempted because plaintiff sought fair wages and attorneys' fees, two claims that FLSA specifically covers. The FLSA permits employees to bring causes of action against their employer for unpaid minimum wages and unpaid overtime compensation, as well as for liquidated damages, attorneys' fees, and court costs. *Id.* §§ 206(a), 207(a), 216(b). The court in *Lilani* found that allowing plaintiff's state law claims to proceed would be duplicative and would impede "the accomplishment and execution of the full purposes and objectives of Congress." *Empacadora de Carnes de Fresnillo,* 476 F.3d at 333.

This case is distinguishable from *Lilani* because Plaintiff brings a quantum meruit claim that falls outside the minimum wage and overtime provisions of the FLSA. Plaintiff's claim goes beyond a minimum wage or overtime claim; rather, Plaintiff alleges that he was not paid *at all* for the work he completed. *See Doan v. Portable Prod. Services, LP,* 2011 WL 2038580 (S.D. Tex. May 19, 2011) (distinguishing plaintiff's claim from *Lilani* because plaintiff requested compensation for all hours worked relative to the agreed payment schedule). FLSA does not address claims for compensation for hours worked in a week that are not in excess of forty, so long as the average wage paid over all hours worked fewer than forty is not below minimum wage. *Newsom v. Carolina Logistics Svcs., Inc.*, 2012 U.S. Dist. LEXIS 126391, at *3 (N.D. Miss. Sep. 6, 2012) (citing *Valcho v. Dallas County Hosp. Dist*., 658 F. Supp. 2d 802, 811(N.D. Tex. 2009)). "These claims are often called 'gap time' or 'straight time' claims…" *Id*. at *3.As

the Supreme Court has made clear, the FLSA is a remedial statute that must be interpreted broadly. *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944). Given the broad construction of the FLSA, and the fact that Plaintiff is essentially alleging a "gap time" claim not covered by FLSA, the Court thus finds that Plaintiff's quantum meruit claim does not conflict with the remedies afforded by the FLSA.

Defendants' Motion for Summary Judgment on the quantum meruit claim is denied for reasons similar to those discussed with respect to Plaintiff's FLSA claim. Defendants argue that Plaintiff completed only a single catering job, for which he was fully compensated. Because there is a genuine issue of material fact as to whether Plaintiff's work consisted of a single catering job or ten months of employment, the Court must deny Defendants' Motion except as to the breach of contract claim.

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion with respect to Plaintiff's breach of contract claim and **DENIES** Defendants' Motion with respect to Plaintiff's FLSA and quantum meruit claim.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the 9th day of January, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE